IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONIA POWELL,<br><br>   *Plaintiff,*<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>   *Defendant.* | Case No. 1:06CV01173<br><br>Judge Ricardo M. Urbina |

## DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT

Defendant, American Red Cross ("Red Cross") by its counsel, hereby responds to the amended complaint as follows:

### FIRST DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The amended complaint is barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### THIRD DEFENSE

The amended complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

### FOURTH DEFENSE

Defendant acted in good faith at all times relevant to the amended complaint.

## FIFTH DEFENSE

Plaintiff failed to mitigate her damages.

## SIXTH DEFENSE

The Red Cross responds to the numbered paragraphs of the amended complaint as follows:

1. The Red Cross lacks sufficient knowledge or information to admit or deny the allegation of paragraph 1 of the amended complaint, and therefore, denies the allegation.

2. The Red Cross admits that is federally chartered pursuant to 36 U.S.C. § 300101, et seq. The remaining allegations of paragraph 2 of the amended complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

3. The Red Cross admits that, among other things, it provides relief services to distressed victims of disasters and helps prevent, prepare for, and respond to emergencies at the national and international levels. The remaining allegations of paragraph 3 of the amended complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

4. The allegation of paragraph 4 of the amended complaint states a legal conclusion which does not require a response. To the extent a response is required, the allegation is denied.

5. The allegation of paragraph 5 of the amended complaint states a legal conclusion which does not require a response. To the extent a response is required, the allegation is denied.

6. The Red Cross admits the allegations of paragraph 6 of the amended complaint.

7. The Red Cross admits the allegations of paragraph 7 of the amended complaint.

8. The Red Cross admits that plaintiff was paid at an annual rate of $57,096.00.

9. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the amended complaint, and therefore, denies the allegations.

10. The Red Cross denies the allegations of paragraph 10 of the amended complaint.

11. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11 of the amended complaint, and therefore, denies the allegations.

12. There is no paragraph 12 of the amended complaint.

13. The Red Cross denies the allegations of paragraph 13 of the amended complaint.

14. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the amended complaint, and therefore, denies the allegations.

15. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the amended complaint, and therefore, denies the allegations.

16. The Red Cross denies the allegations of paragraph 16 of the amended complaint.

17. The Red Cross lacks sufficient knowledge or information to admit or deny the allegation of paragraph 17 of the amended complaint, and therefore, denies the allegation.

18. The Red Cross lacks sufficient knowledge or information to admit or deny the allegation of paragraph 18 of the amended complaint, and therefore, denies the allegation.

19. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 19 of the amended complaint, and therefore, denies the allegations.

20. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 20 of the amended complaint, and therefore, denies the allegations.

21. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 21 of the amended complaint, and therefore, denies the allegations.

22. The Red Cross denies the allegations of paragraph 22 of the amended complaint.

23. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 23 of the amended complaint, and therefore, denies the allegations.

24. The Red Cross denies the allegations of paragraph 24 of the amended complaint.

25. The Red Cross lacks sufficient knowledge or information to admit or deny the allegations of paragraph 25 of the amended complaint, and therefore, denies the allegations.

26. The Red Cross denies the allegations of paragraph 26 of the amended complaint.

27. The allegation of paragraph 27 of the amended complaint states a legal conclusion which does not require a response. To the extent a response is required, the allegation is denied.

28. The Red Cross denies the allegations of paragraph 28 of the amended complaint.

29. The Red Cross denies the allegations of paragraph 29 of the amended complaint.

30. The Red Cross denies the allegations of paragraph 30 of the amended complaint.

31. The Red Cross denies the allegations of paragraph 31 of the amended complaint.

32. The Red Cross denies the allegations of paragraph 32 of the amended complaint.

33. The Red Cross denies the allegations of paragraph 33 of the amended complaint.

34. The allegations of paragraph 34 of the amended complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

35. The Red Cross denies the allegations of paragraph 35 of the amended complaint.

36. The Red Cross denies the allegations of paragraph 36 of the amended complaint.

37. The allegations of paragraph 37 of the amended complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

38. The Red Cross denies the allegations of paragraph 38 of the amended complaint.

39. The Red Cross denies the allegations of paragraph 39 of the amended complaint.

40. The Red Cross denies the allegations of paragraph 40 of the amended complaint.

41. The Red Cross denies all allegations not specifically admitted.

42. The Red Cross denies that plaintiff is entitled to the relief sought in her wherefore clause or to any relief whatsoever.

WHEREFORE, ARC request that the Court dismiss this action and award ARC its fees, costs and other relief as the Court deems appropriate.

Respectfully submitted,

By /s/
Constantinos G. Panagopoulos #430932
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, DC 20005
Tel:    (202) 661-2200
Fax:    (202) 661-2299

*Counsel for Defendant*

June 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Defendant's Answer to the Amended Complaint was mailed first-class, postage prepaid, this 30th day of June, 2006 as follows:

> Brian C. Plitt
> 1239 C Street, S.E.,
> Suite 4
> Washington, DC 20003
>
> *Counsel for Plaintiff*

_____
Constantinos G. Panagopoulos