**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONIA POWELL,<br><br>      *Plaintiff,*<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>      *Defendant.* | Case No. 1:06CV1173<br>Judge Ricardo M. Urbina |

## THE AMERICAN RED CROSS'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant The American Red Cross (the "Red Cross") requests that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Tonia Powell answer the following interrogatories on or before September 5, 2006.

### I.  DEFINITIONS AND INSTRUCTIONS

(a)  These interrogatories are continuing in character. You must file supplementary answers if you obtain further or different information before trial.

(b)  Where the name or identity of a person is requested, state the full name, home address, and business address of that person, if known.

(c)  Unless otherwise indicated, these interrogatories refer to the time, place, and circumstances of the occurrence(s) mentioned or complained of in the pleadings.

(d)  Where knowledge or information in possession of a party is requested, each request includes knowledge of the party's agent, representatives, and, unless privileged, its attorneys.

(e)    The pronoun "you" refers to the party to whom these interrogatories are addressed and the person(s) mentioned in paragraph (d).

## II.    **INTERROGATORIES**

1.    Describe in detail all duties you contend you were required to perform beginning on January 7, 2005 after Jane Davis, RN resigned from the Red Cross, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:


2.    Describe in detail all additional duties your were required to undertake beginning on January 16, 2005 as alleged in your , and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:


3.    Describe in detail all overtime work you were required to perform from March 16, 2005 through June 30, 2005 as alleged in your complaint and identify any individuals who witnessed you working any overtime, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

4. Describe any "substantial" expanded travel, working in harsh physical environments, managing workers' compensation and disability claims, establishing restrictions and clearances for employees and any other expanded duties you claim were to be required of you as a wellness nurse at the Red Cross, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

5. Describe in detail all actions you undertook in order to "oppose" the Red Cross expecting you to perform assigned duties as alleged in paragraph 23 of the amended complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

6. Describe in detail why you contend you were entitled to severance pay, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

7. State all facts which support your contention that the Red Cross "falsely stated to the State of Maryland Department of Labor Licensing and Registration, Division of Unemployment that [UN] had quit the Red Cross because of personal reasons", and identify all

persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

8. State the factual basis for your claim as alleged in paragraphs 27 through 33 of your complaint that the Red Cross allegedly violated the District of Columbia Human Rights Act, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

9. Describe in detail the nature of the "emotional damages and pain and suffering" as alleged in paragraphs 32 and 33 of your complaint and "emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses" as stated in your requests for relief that you allege you suffered and/or suffer as a result of anything the Red Cross and/or any employee, representative, and/or agent of the Red Cross did, including, but not limited, the symptoms you suffered and/or suffer, the date of those symptoms, and any treatment you sought due to any alleged emotional pain, mental anguish, and/or lost of enjoyment; and as to such treatment, the name and address of the individuals/entities that provided the treatment, the dates of such treatment, and the reason you sought treatment, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

10. State the factual basis for your claim as alleged in paragraphs 34 through 36 of your complaint that the Red Cross allegedly violated the District of Columbia Fair Labor Standards Law, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response.

ANSWER:

11. Describe in detail how the Red Cross allegedly "tortiously breached its duty to pay Ms. Powell according to its study and its duty to pay Ms. Powell severance pay and 1/2 transportation allowance upon termination" as alleged in paragraphs 37 through 40 of your complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

12. Describe in detail the nature of the any and all work that resulted in "additional time" or "overtime" that you allegedly performed as stated in paragraphs 9 through 15 of your complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

13. Describe in detail, and under what circumstances, your allegations that you were told by the Red Cross that "the result of the [final salary and job analysis] determination was that the new job should be paid at a higher pay grade in at least $5,000 more per year" as stated in paragraph 22 of your complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response.

ANSWER:

14. Describe in detail your allegations that the Red Cross allegedly discriminated against you by allegedly paying caucasian employees more than you as stated in paragraphs 23, 29, and 30 of your complaint, and identify each and every person you contend discriminated against you on the basis of your race, including in your response the identification of all persons with knowledge of your contention, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

15. Identify each and every person employed by the Red Cross who was involved in the supervision of or decisions concerning your employment at the Red Cross as alleged in your complaint, including the supervision of or decisions relating to assigning additional tasks or duties to you, your wages or salary, and/or your employment at the Red Cross, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

16. Describe in detail your allegations that plaintiff is "entitled to severance pay" as stated in paragraph 24 of your complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

ANSWER:

17. Please describe any other instances of discrimination, either racial or otherwise, you have faced, either public or private, over the course of the last 10 years, and identify each and every person to whom you reported any such discrimination whether to a government authority or family/friend.

ANSWER:

18. Identify each and every judicial and/or administrative proceeding, other than this action, to which you have been a party or in which you have testified or submitted an affidavit, stating the name and case number of the proceeding, the filing date, the court or agency in which it was filed, the subject matter of the claim asserted, and the subject matter of any testimony you provided.

ANSWER:

19. For every person whom you contemplate or expect to call as an expert witness at the trial of this case, please state the following: (1) the name and address of the witness; (2) in detail, the facts and opinions to which each proposed expert witness is expected to testify and the basis and reasons for the expert witnesses' opinions; (3) identify all documents, data, or other

information considered by the expert witness in forming the opinions; (4) the qualifications of the expert witness, including a list of all publications authored by the expert within the last ten years; (5) the compensation paid or to be paid for the study and/or testimony; and (6) list all other cases in which the expert testified either at trial or by deposition.

ANSWER:

20. Please set forth your total income, earnings, and/or compensation (including unemployment compensation if applicable) since June 2003, with a monthly breakdown of income, earnings, and/or compensation by amount from each employer or other source of income or compensation.

ANSWER:

21. Identify each position of employment for which you have applied since January 2004 by providing the name and address of the prospective employer, the title of the position for which you applied, the approximate date of your application, the proposed salary, and the name/or title of each person of the prospective employer with whom you spoke about the position, and identify all persons with knowledge of the facts in your response.

ANSWER:

22. For each position of employment identified in response to Interrogatory No. 17, state whether you were offered the position, whether you accepted the position, the amount of salary, wages and benefits offered and, if you were offered a position of employment and

declined the offer, describe in detail your reasons for doing so and identify all persons with knowledge of the facts in your response.

ANSWER:

23. Identify every healthcare provider you have seen since January 1, 2000 through the present.

ANSWER:

24. Itemize all damages you seek in this case, describing in detail the manner in which the damages were calculated, and include in your response the identification of all persons with knowledge of your response.

ANSWER:

25. Identify each and every individual not previously identified who has personal knowledge of the allegations in plaintiff's complaint and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response.

ANSWER:

Respectfully submitted,

By _____
Constantinos G. Panagopoulos #430932
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, DC  20005
Tel:    (202) 661-2200
Fax:    (202) 661-2299

*Counsel for Defendant*

August 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of The American Red Cross's First Set of Interrogatories to Plaintiff was mailed first-class, postage prepaid, this 4th day of August, 2006 as follows:

> Brian C. Plitt
> 1239 C Street, S.E.,
> Suite 4
> Washington, DC 20003
>
> *Counsel for Plaintiff*

_____
Constantinos G. Panagopoulos

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONIA POWELL,         )
                      )
            Plaintiff, )
                      )   Case No. 1:06CV1173
        v.            )   Judge Ricardo M. Urbina
                      )
AMERICAN RED CROSS,   )
                      )
            Defendant. )
                      )

**THE AMERICAN RED CROSS'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant The American Red Cross (the "Red Cross") requests that, pursuant to Rule 34(b), Plaintiff Tonia Powell respond to the following document requests on or before September 5, 2006, and produce the requested documents to undersigned counsel at Ballard Spahr Andrews & Ingersoll, LLP, 601 13th Street, N.W., Suite 1000 South, Washington, D.C. 20005.

I.     **DEFINITIONS AND INSTRUCTIONS**

(a)    Document means any writing, recording, or graphic matter of any sort, whether produced by hand, machine, computer, or some other means. It also includes any audio or visual recording of any type.

(b)    If any requested document was but is no longer in your possession or subject to your custody and control, state what disposition was made of it.

(c)    The pronoun "you" refers to the party and/or parties to whom these document requests are addressed.

(d)    If you claim a privilege with respect to any document, describe the document, identify the privilege, and explain the basis for your claim of privilege.

DMEAST #9574295 v1

(e) Please label each document or group documents with the document request number to which the document or group of documents is responsive or produce all requested documents in the order in which they are maintained in the ordinary course of business.

## II. DOCUMENT REQUESTS

1. All documents identified or relied upon in formulating your responses to the Red Cross's first set of interrogatories.

2. All documents which reflect and/or relate to your allegations that the Red Cross discriminated against you.

3. All documents which reflect and/or relate to your allegations that the Red Cross allegedly caused you to experience emotional damages, pain and suffering, mental anguish, and/or loss of enjoyment of life.

4. All documents, including e-mails, letters, and any other correspondence (or any personal notes relating to telephone conversations) between the Red Cross (and any of its employees) and you regarding your allegations in your complaint.

5. The résumé of any expert you intend to use at trial.

6. Copies of the report of any expert you intend to rely upon at trial.

7. All documents upon which any expert(s) whom you have retained, or propose to retain, refer and/or relied upon in forming their opinion.

8. The curriculum vitae of any expert(s) you intend to use at trial.

9. All documents which reflect, refer, and/or relate to your attorney's fees and expenses incurred in this litigation up to the date of your response.

10. All documents which reflect, refer, and/or relate to any damages you claim in this case.

11. All documents which reflect, refer, and/or relate to your attempts to seek alternative employment after May 2005.

12. All documents which reflect, refer, and/or relate to your employment since June 2005, including, but not limited to, employment records on file with the employer(s).

13. All documents which reflect, refer and/or relate to any earnings you made from another employer since June 2005.

14. Copies of state and federal income tax returns filed by you, or on your behalf, for tax years 2004, 2005, and 2006.

15. All documents recording, referring, or relating to any judicial or administrative proceeding(s) to which you have been a party or in which you have testified or submitted an affidavit, other than this action.

16. All documents which reflect, refer, and/or relate to communications between you and any other individual—excluding your attorney—regarding the allegations in your complaint and/or this litigation.

17. All notes, e-mails, journals, diaries, daybooks, schedules, calendars, personal planners, audiotapes, videotapes, or similar documents or records maintained by you, or in which you made entries, regarding your allegations in your complaint.

18. All documents recording, referring, or relating to your employment history at the Red Cross, including but not limited to all documents reflecting your job duties and responsibilities, all documents reflecting your salary, benefits, and other income in each position you held, all documents reflecting any evaluation, review, or appraisal of your job performance, and all documents reflecting or relating to your separation from any such position.

19.  All documents you have copied or removed from the Red Cross's offices or other premises.

20.  All documents any other person has copied or removed from the Red Cross's offices or other premises and provided to you or your attorney, agents, and/or representatives.

21.  All contracts, agreements, written understandings, or memoranda that pertain to fees, costs, and expenses between you and your attorney(s) or anyone else acting on your behalf (including but not limited to experts, statisticians, etc.) regarding the allegations in your complaint.

22.  All documents which reflect and/or relate to your medical history, psychiatric history, and/or mental or physical condition from January 1, 2000 to the present.

23.  All documents not produced in response to other document requests referring or relating in whole or in part to the events, facts, and circumstances covered by and/or alleged in your complaint, or otherwise supporting the allegations of your complaint.

Respectfully submitted,

By _____
Constantinos G. Panagopoulos #430932
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, DC 20005
Tel:  (202) 661-2200
Fax:  (202) 661-2299

*Counsel for Defendant*

August 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of The American Red Cross's First Request for Production of Documents to Plaintiff was mailed first-class, postage prepaid, this 4th day of August, 2006 as follows:

> Brian C. Plitt
> 1239 C Street, S.E.,
> Suite 4
> Washington, DC 20003
>
> *Counsel for Plaintiff*

_____
Constantinos G. Panagopoulos