IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONIA POWELL
    Plaintiff,
    v.

Case No. 1:06CV1173
Judge Huvelle

AMERICAN RED CROSS
    Defendant.

<u>TONIA POWELL'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS</u>

<u>RESPONSES TO INTERROGATORIES</u>

<u>Interrogatory No. 1</u>: Describe in detail all duties you contend you were required to perform beginning on January 7, 2005 after Jane Davis, RN resigned from the Red Cross, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

<u>Response</u>: After the resignation of Jane Davis, I was told I had to take on additional duties done by Jane that were we equally performed before Jane left. I was located at the Wellness Unit located in the NW LL1-130 (lower level) of the National Headquarters of the American Red Cross. These duties included the following:

I physically cleaned the cots by hand, replaced paper linens, replaced paper pillow cases, cleaned all surfaces for the Blood Pressure station, cleaned the reclining chair in the Lactation Room, cleaned the Lactation Room, cleaned surfaces and tidyied the clinic rooms for medical supplies, stocked medical supplies in storage areas, cleaned the community area, balanced the height/weight scale, received, replaced and arranged educational and health literature on the book shelves and bulletin boards.

I put papers in files, labelled files and filed the files in file cabinets as required for AFES personnel and American Red Cross employees. I locked and unlocked the file cabinets.

These papers included absentee notes and return to work notices sent to the Red Cross from health care providers and notes and memos sent from employees or from Wellness Associates.

At the request of workers I typed information given by employees and the Wellness Unit into standard forms on the computer to begin Worker's Compensation claims. According to instructions, I sent electronic notices to injured workers when new information was received.

and/or testimony; and (6) list all other cases in which the expert testified either at trial or by deposition.

Response: There is no such expert witness at this time.

20. Please set forth your total income, earnings, and/or compensation (including unemployment compensation if applicable) since June 2003, with a monthly breakdown of income, earnings, and/or compensation by amount from each employer or other source of income or compensation.

Response:

Ms. Powell objects to this interrogatory as it is overbroad, overly burdensome and irrelevant to the issues in dispute in this case and not calculated to lead to the discovery of admissible evidence. The facts of liability and damages in this case relate to events ocurring only during employment at the Red Cross through June 2005 and not at any other employer. Further, these documents are not relevant to any meaningful inquiry into damages. Further, Ms. Powell is not obligated to obtain any such documents from an employer.

Notwithstanding this objection I was unemployed for 30 days and estimate I received approx. $310 a week according to the Statement of Benefit sheet.

Beginning 8-1-05, through end of 3-2006 I worked for Quadrant Company Incorporated, 360 Hearndon Pky., ste. 100, Hearndon, VA 20170 earning $30 hour and no benefits.

Beginning 4-06, I began work for the Department of Health and Human Services, Aging and Disabilities, 401 Hungerford Drive, 3rd Floor, Rockville, Md. 20850. My gross pay is $2192 every two weeks with benefits.

21. Identify each position of employment for which you have applied since January 2004 by providing the name and address of the prospective employer, the title of the position for which you applied, the approximate date of your application, the proposed salary, and the name/or title of each person of the prospective employer which whom you spoke about the position, and identify all persons with knowledge of the facts in your response.

Response: Please see response to Request for Production No. 11.

22. For each position of employment identified in response to Interrogatory No. 17, state whether you were offered the position, whether you accepted the position, the amount of salary, wages and benefits offered, and, if you were offered a position of employment and declined the offer, describe in detail your reasons for doing so and identify all persons with knowledge of the facts in your response.

I hereby state under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief. Executed this 3rd day of October, 2006.

*Tonia Powell* 10-3-06
Tonia Powell