IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONIA POWELL
    Plaintiff,
    v.                        Case No. 1:06CV1173
                                      Judge Huvelle

AMERICAN RED CROSS
    Defendant.

<u>TONIA POWELL'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS</u>

<u>RESPONSES TO INTERROGATORIES</u>

<u>Interrogatory No. 1</u>: Describe in detail all duties you contend you were required to perform beginning on January 7, 2005 after Jane Davis, RN resigned from the Red Cross, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to the facts in your response.

<u>Response</u>: After the resignation of Jane Davis, I was told I had to take on additional duties done by Jane that were we equally performed before Jane left. I was located at the Wellness Unit located in the NW LL1-130 (lower level) of the National Headquarters of the American Red Cross. These duties included the following:

I physically cleaned the cots by hand, replaced paper linens, replaced paper pillow cases, cleaned all surfaces for the Blood Pressure station, cleaned the reclining chair in the Lactation Room, cleaned the Lactation Room, cleaned surfaces and tidyied the clinic rooms for medical supplies, stocked medical supplies in storage areas, cleaned the community area, balanced the height/weight scale, received, replaced and arranged educational and health literature on the book shelves and bulletin boards.

I put papers in files, labelled files and filed the files in file cabinets as required for AFES personnel and American Red Cross employees. I locked and unlocked the file cabinets.

These papers included absentee notes and return to work notices sent to the Red Cross from health care providers and notes and memos sent from employees or from Wellness Associates.

At the request of workers I typed information given by employees and the Wellness Unit into standard forms on the computer to begin Worker's Compensation claims. According to instructions, I sent electronic notices to injured workers when new information was received.

The persons with knowledge of my mental anguish and pain and suffering are myself and Karen Rochelle Powell Suber (9152 Centerway Rd., Gaithersurg, Md. 20879).

10. State the factual basis for your claim as alleged in paragraphs 34 through 36 of your complaint that the Red Cross allegedly violated the District of Columbia Fair Labor Standards Law, and identify all persons with knowledge of the facts in your response and all documents which reflect and/or relate to your response.

Response: My duties as Wellness Associate and the additional duties and job conditions, as described in Interrogatory Responses 1 and 2 above, were primarily clerical duties entitling me to overtime payment. I was required to perform these duties but was not paid overtime wages for these duties.

Persons and documents relating to this response are identified in response to Interrogatories 1 and 2 above.

11. Describe in detail how the Red Cross allegedly "tortiously breached its duty to pay Ms. Powell according to its study and its duty to pay Ms. Powell severance pay and 1/2 transportation allowance upon termination" as alleged in paragraphs 37 through 40 of your complaint and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to, and/or relate to the facts in your response.

Response: Please see the responses to Interrogatory No. 5 and 6. With respect to the Transportation Allowance, the American Red Cross decided to terminate the transportation benefit to all employees effective July 1, 2005. To ease the hardship of the removal of the allowance, the American Red Cross awarded all employees the full benefit of $840.00. Even if terminated, as a half-year employee, I should have received at least one half my transportation allowance.

12. Describe in detail the nature of any and all work that resulted in "additional time" or "overtime" that you allegedly performed as stated in paragraphs 9-15 of your complaint, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or relate to your response, and identify all persons with knowledge of the facts in your response and all documents which reflect, refer to and/or related to the facts in your response.

Response: This work involved my work as Wellness Associate as well as the work described in responses to Interrogatories 1 and 2 above. Please see the responses to Interrogatories 1, 2 and 4

I hereby state under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief. Executed this 3rd day of October, 2006.

*Tonia Powell 10-3-06*

Tonia Powell