IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONIA POWELL      * | |
|     Plaintiff,   * | |
|     v.            * | Case No. 1:06CV1173 |
|                * | Judge Huvelle |
| AMERICAN RED CROSS   * | |
|     Defendant.    * | |

**PLAINTIFF TONIA POWELL'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY
FOR UNPAID OVERTIME**

Introduction

This action is brought by Tonia Powell ("Ms. Powell" or "Powell"), in part, under the D.C. Wage and Hour Act. (Count II of her Amended Complaint). Powell claims that Defendant American Red Cross ("ARC" or "Red Cross"), failed to pay her proper overtime for hours worked over 40, per week during her employment.[1]

Statement of Facts

Powell started work for ARC on November 15, 2004 as a Occupational Health Nurse ("Health Nurse") in the Wellness Unit of the Red Cross' National Headquarters. She was one of three employees in the unit. Her duties were similar to those she had performed previously as a nurse. The Health Nurse was responsible for such as maintaining records on the medical status of personnel, keying in the result of physical examinations, and providing first aid when needed. Ms. Powell worked at a pay rate

---

[1]Ms. Powell's two other Counts in her Amended Complaint assert discrimination under the D.C. Human Rights Act and breach of contrace and unlawful termination.

of approximately $27.45/hour.

For the six months before Ms. Powell's hiring as a Health Nurse (Wellness Associate) her Wellness Nurse duties had been perfomed by contract staff whose agency was paid on an hourly basis.

The ARC classified the Health Nurse position as exempt, based on an internal review, however it never interviewed Ms. Rainey as to her actual duties in the position.

On January 7, 2005, the other Health Nurse in the Wellness Unit, Jane Davis resigned.

Since at least 2002, the ARC had kept the Wellness Unit fully staffed with two Health Nurses and a supervisor. When a nurse position became vacant, the ARC hired contract workers from a staffing agency, which it paid on an hourly basis.

In an effort to cut costs and personnel, the ARC, instead of hiring hourly contract workers, assigned Ms. Powell, in addition to her normal duties, virtually all the duties the other Health Nurse had performed. These duties were essentially the same as the clerical duties she was already performing, however her work load essentially doubled. Ms. Powell was not given any additional pay. To do her own Wellness Nurse duties, as well as the added Wellness Nurse duties of her former co-worker, Powell had to put in about 15 hours of work per week in addition to 40 hours of work a week, during the period of January 7, 2005 through March

16, 2005.  Ms. Powell did not receive any additional pay or overtime.  Powell was working more hours for no more money than before ARC gave her the added duties.

On March 16, 2005, Ms. Powell's supervisor, Ken Thiel, left ARC.  Some of Ken Thiel's non-discretionary duties were then assigned to Ms. Powell.  These duties included maintaing and obtaining additional medical records for International personnel, filling out forms, and relaying medical forms.  Still, Powell was expected to continue her prior duties.  Powell continued to spend at least 50% or more of her time on the type of tasks assigned as health nurse.

To fulfill all these duties, Ms. Powell now worked at least 27-32 hours a week in addition to 40 hours of work a week, during the period March 16, 2005 through June 30, 2005.  Still, Ms. Powell was working more hours for no more money than before the ARC gave her the additional duties.

By May 15, 2005 the ARC told Ms. Powell that she would have to take a new job in order to maintain employment with the ARC. Ms. Powell researched the new job, finding that it had substantial new resonsiblities and paid at a higher pay grade than her Health Nurse position, resulting in at least $5,000 more per year. However, the ARC would not pay Ms. Powell in the new job at this rate.

The Red Cross then terminated Ms. Powell's employment

effective 6-30-05 and failed to pay any severance.  The Red Cross told the Md. Unemployment Compensation Division that Ms. Powell had "quit."  A hearing determined that she had been terminated, as she had maintained.

## Memorandum of Points and Authorities

I.  SUMMARY JUDGMENT SHOULD BE GRANTED AS TO LIABILITY FOR OVERTIME COMPENSATION SINCE ARC CANNOT MEET ITS BURDEN UNDER THE FAIR LABOR STANDARDS ACT TO RAISE A GENUINE ISSUE OF DISPUTED FACT

A.  The Standard for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact in dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

B.  The Duties Performed by Ms. Powell were Not-Exepempt Duties and She is Entitled to Overtime Pay

Count II in Ms. Powell's Amended Complaint provides for liability under the D.C. Wage and Hour Law ("DC Wage Law").

Under District of Columbia law, employers are required to pay their employees time-and-a-half for work in excess of forty hours per week.  32 D.C. Code 1003(c).[2]

It is assumed under the law, that any employee, like Ms. Powell, is eligible (or "not-exempt" under the FLSA) to collect

---

[2]The DC Wage Law also requires the employer to keep records for three years of each employee's hours worked each day and workweek.  32 D.C. Code 1008(a)(1)(D).

compensation for overtime hours worked and damages.

Under the D.C. Wage Law, the only exceptions to the employer's liability are the so-called "exemptions" of the federal Fair Labor Standards Act ("FLSA"). 32 D.C. Code 1004(a)(1); 29 U.S.C. 213. Where an employer claims that an employee is exempt from overtime provisions of the FLSA, the burden is on that employer to prove that the employee falls within the claimed exemption. Roney v. United States, 790 F. Supp. 23, 26 (D.D.C. 1992).

The criteria "provided by regulations are absolute and the employer must prove that any particular employee meets every requirement before the employee will be deprived of the protections of the Act." Roney v. United States, supra., at id., (quoting Mitchell v. Williams, 420 F.2d 67, 69 (8th Cir. 1969)).

The FLSA is remedial legislation and the exemptions in Section 213 are construed narrowly against the employer. Mitchell v. Lublin, McGaughy & Assoc., 358 U.S. 207, 211, 79 S.Ct. 260, 263, 3 L. Ed.2d 243 (1959); D'Camera v. District of Columbia, 693 F. Supp. 1208, 1210 (D.D.C. 1988). The employer's claims must be proved by clear and affirmative evidence or the employee must be given coverage under the Act. Roney v. Unted States, supra., at id.

The classification of employees is tied to "actual duties"-- it is the burden of each employer to defend its classification of

the employee in light of her actual duties.[3]  <u>See generally</u> <u>Clark</u> <u>v. Benson</u>, 739 F.2d 282, 286-87 (4th Cir. 1986).

<u>1.  Because of her actual continuing job duties and the way and type of job functions that were added to them, ARC cannot prove that Ms. Powell was ever exempt from the Act.</u>

In Ms. Powell's case, she began at ARC on 11-15-04 as a Health Nurse.  She worked in the Wellness Unit.  This work included Armed Forces (AFES) medical record review.

Ms. Powell's work in reviewing medical records for the Armed Forces Emergency Services personnel, AFES, all occurred within military guidelines.  Powell tr. 11-14-06 (Ex. 4) 324-25.  Powell did not have discretions to determine which personnel would be deployed.  Powell tr. 11-14-06 (Ex. 4) at 325, 327.  Ms. Powell's role was one of collecting information to fill in a chart or spreadsheet according to certain guidelines given to her.  Powell tr. 11-14-06 (Ex. 4) at 325-26.

Powell testified over 50% of her time was taken up with the AFES medical record review work during her employment at ARC.  Powell tr. 11-10-06 (Ex. 5) 126-27, 128-29.

---

[3]Job titles or descriptions, for example, should be disregarded as "[they] can be had cheaply and are of no determinative value."  29 C.F.R. 541.201(b).  <u>D'Camera v. District of Columbia</u>, 693 F.Supp. 1208, 1211 (D.D.C. 1988).

Similarly, lists of responsibilities unsupported by descriptions of what those responsibilities entail shed little light on the highly fact-specific inquiry into the tasks and responsibilities of the employee necessary to determine whether an exemption can be applied to her.  <u>Id</u>.

Powell had no supervisory duties. Powell tr. 11-10-06 (Ex. 5) 171.

It is clear that such clerical, or non-discretionary work is not-exempt from the Act. 29 C.F.R. 541.205(c)(1); <u>Clark v. Benson</u>, <u>supra</u>., at <u>id</u>.

A few months later, as the ARC reorganized, Ms. Powell was assigned additional duties of exactly the same type--wellness nursing duties--from her resigning co-worker, another wellness nurse.

These wellness nursing duties remained the core or "primary" functions, Powell performed for the rest of her employment at ARC. Powell tr. 11-10-06 (Exhibit 5), tr. 126-27, 128-29. One of her supervisors left in March 2005 and she took on some of the tasks he had performed. These tasks were of a not-exempt nature. Powell Answer to Interrogatory 2 (Exhibit 1).

In any event, these additional tasks did not allow her to fall into an administrative exemption because her primary duties continued to be the Health Nurse work that had been hers virtually from the beginning. Powell Answers to Interrogatories 1 & 2 (Exhibit 1). <u>See generally</u>, <u>Clark v. Benson</u>, <u>supra</u>., at <u>id</u> (when additional duties are added to not-exempt work, Court must determine whether employer can prove that the additional duties were administrative <u>and</u> required over 50% of employee's work time, becoming her "primary duty.")

Therefore, Ms. Powell is entitled to summary judgment as to

liability.

    2.  <u>Defendant has not and cannot raise a proper exception to the Act.</u>

Pursuant to Fed. R. Civ. Proc. 30(b)(6), Defendant ARC was required to produce its corporate representative to testify at deposition as to "classification of Ms. Powell's position at ARC as exempt of non-exempt and ARC's payment or non-payment of overtime to her." Exch. 1, Plaintiff's Rule 30(b)(6) Notice of Deposition. The Rule requires that "[t]he persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. Proc. 30(b)(6).

Red Cross's corporate representative Miller testified that the Red Cross had no knowledge of what exemption was relied upon by the Red Cross to classify Ms. Powell as exempt and deny her overtime pay. Miller tr. 83-84 (Exhibit 3).

> Q....[T]o determine whether Ms. Powell's position was exempt or non-exempt....do you know whether the Red Cross used an administrative exemption or a professional exemption or some other exemption under the Fair Labor Standards Act or the D.C. Wage Act or Revision Act or some combination of factors?
>
> A....I can't say with certainty which exemption test.
>
> Q. Or can you say that there was a combination of exemptions used?
>
> A. I cannot say. Miller tr. 83-84

ARC's corporate representative Miller could give no testimony

as to the percentage of Ms. Powell's work that was found to be involved in exempt functions as opposed to non-exempt functions.

>    Q.    ...[C]an you testify as a corporate representative as to the percentage that Ms. Powell's work that was found to be exempt or non-exempt?
>
>    A.  No, I can't.
>
>    Q.  ...[C]an you testify as to the amount of time that--for Ms. Powell's work week that was found to be involved in exempt functions as opposed to non-exempt functions?
>
>    A.  No, I cannot.  Miller tr. 100-01.

ARC stated at deposition "We did not prepare someone to talk specifically about the specific individual steps to classify this individual position."  Miller tr. 70

Without such evidence, ARC cannot meet its burden to prove an exemption under the Act.  <u>Roney v. United States</u>, <u>supra</u>., at 26, 28.  As ARC cannot prove that Ms. Powell was properly classified as exempt, she is entitled to summary judgment as to liability.

<u>3.  Even if it is assumed that ARC attempted to rely upon the "administrative" exemption under 29 C.F.R. 213(a) to avoid paying Ms. Powell her overtime, Ms. Powell is still properly classified as not-exempt and entitled to payment for her overtime</u>.

The FLSA exempts from the D.C. Law's overtime pay requirement "[a]ny employee employed in a <u>bona fide</u> executive, administrative or professional capacity."

Under the relevant provisions of the regulations promulgated

by the Department of Labor pertaining to the administrative exemption, to sustain the exemption, the employer must prove that the employee's:

> "[P]rimary duty consists of...the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers,...
>
> and
>
> [that the employee] customarily and regularly exercises discretion and independent judgment" [in performing her normal day-to-day work] 29 C.F.R. 541.2

It is undisputed Ms. Powell did not supervise, hire, fire or discipline other employees, nor was she responsible for reviewing of evaluating the work of others.

The essence of the test is whether the employee's primary activities are "directly related to management policies or general business operations," or "the running of a business and not merely the day-to-day carrying out of its affairs." Roney v. United States, supra., at 27, (quoting Bratt v. County of Los Angeles, 912 F.2d 1066, 1070 (9th Cir. 1990) cert. denied 111 S. Ct. 962 (1991)(emphasis in the original).

> "An employee who merely applies his knowledge in following prescribed procedures or determining which procedures to follow...is not exercising discretion and independent judgment within the meaning of [the administrative exemption]." 29 C.F.R. Secs. 541.214; 541.207(a); 541.207(c)(1).

Here, Powell followed prescribed procedures and was in charge of the day to day processing of medical records. Ms. Powell's work in reviewing medical records for the Armed Forces Emergency

Services personnel, AFES, all occurred within military guidelines. Powell tr. 11-14-06 (Ex. 4) 324-25. Powell did not have discretions to determine which personnel would be deployed. Powell tr. 11-14-06 (Ex. 4) at 325, 327. Ms. Powell's role was one of collecting information to fill in a chart or spreadsheet according to certain guidelines given to her. Powell tr. 11-14-06 (Ex. 4) at 325-26. It is clear that those, like Ms. Powell, whose duties were predominantly to carry out day-to-day policies already established are entitled to overtime, and are not exempt. Jones & Assoc. v. District of Columbia, 642 A.2d 130, 133-34 (D.C. App. 1994)(finding five child counselors, including three team leaders, at Department of Health and Human Services, entitled to overtime, not exempt); Bratt v. County of Los Angeles, 912 F.2d 1066, 1070 (9th Cir. 1990)(deputy probation officers and child treatment counselors entitled to overtime, not exempt; test is whether work primarily involves "day-to-day carrying out of the business affairs," rather than running the business itself or determining its overall course or policies); Dalheim v. KDFW-TV, 918 F.2d 1220, 1230 (5th Cir. 1990)(television news producers eligible for overtime, not exempt as their work focused on "the day to day service of production the news, rather than the overall policy or management of the television station"); Bell v. Farmer's Insurance Exchange, 87 Cal. App. 4th 805 (2001), 115 Cal. App. 4th 715 (2004)(insurance adjusters and claim agents entitled to overtime, not exempt).

It is clear that any employee can perform some discretionary tasks in his/her day to day activities without necessarily falling into the administrative exemption.  It is simply that the majority, (over 50%) of his/her duties--i.e. her "primary" duties--must be of the not-exempt character.  29 C.F.R. 541.103, 541.206(b); Clark v. Benson, 739 F.2d 282, 286 (4th Cir. 1986); See also D'Camera v. District of Columbia, 693 F. Supp. 1208, 1211 (D.D.C. 1988).

Here, the only non-equivocal evidence as to what Ms. Powell did while employed at ARC has been presented by Ms. Powell.  Ms. Powell's testimony, as above has been clear that the great majority of her tasks throughout her employment were clerical tasks, non-exempt tasks.  Powell Answers to Interrogatory Nos. 1-2 (Exhibit 1).

The Defendant has produced no witness or other evidence that contradict Ms. Powell's testimony concerning her duties.   The ARC's Rule 30(b)(6) co-representative on Ms. Powell's duties, Miller, had never supervised Powell.  Miller tr. 5, .

Co-representative Miller could not give any percentages for the amount of time required for any of the duties Powell performed during her employment.  Miller tr. 17.


Co-representative (as to duties)Shearer could not give percentages of time devoted to various duties Powell performed before March 2005, when she began supervising her.   Shearer tr.

42, 47, 48.

After March 2005, Shearer testified that 50% of Powell's time was taken up with what she described as medical record review; reviewing medical records to be sure they met the required criteria for a specific location... that a person is going to. Shearer tr. 44-45.

In this DC and FLSA case, ARC must carry the strict evidentiary burden of affording this Court "a principled means of determining the degree (or percentage) or discretion assigned the employee." D'Camera v. District of Columbia, 693 F.Supp. 1208, 1211 (D.D.C. 1988). It cannot carry this burden by just producing "job responsibilities" list(s), job titles, job evaluation manuals, or general affidavits. Id., at 1211-12. As ARC has failed to carry this burden in this case, Ms. Powell is entitled to summary judgment as to liability. See id.

Therefore, defendant cannot sustain its burden of proof.

Without any such evidence, ARC has failed to carry its burden and Ms. Powell is entitled to summary judgment as to liability.[4] Roney v. United States, supra., at 27-28; D'Camera v. District of Columbia, supra., at 1210-12.

---

[4]The defendant would not be able to reasonably argue the "professional" or "executive" exemptions. The professional exemption requires work, not present here, in a "field of science or learning acquired by a prolonged course of specialized intellectual instruction and study." Ms. Powell's Health Nurse only required a registered nurse and a bachelor's degree in nursing or a related field. Miller tr. 34. Cf. 29 C.F.R. 541.34(a), (e). The executive exemption requires supervision of two or more employees. 29 C.F.R. 541.1(a)-(f).

C.   THERE IS NO GENUINE ISSUE OF MATERIAL FACT TO DENY THAT LIQUIDAED DAMAGES MUST BE ASSESSED AGAINST ARC (AS WELL AS PAYMENT OF OVERTIME COMPENSATION) SINCE ARC CANNOT PROVE IT HAD "GOOD FAITH" AND "REASONABLE GROUNDS" IN CLASSIFYING MS. POWELL AS NOT EXEMPT

As under the FLSA, liquidated damages (in an amount equal to unpaid overtime wages) are mandatory under the D.C. Law.  The only exception is if employer can carry the burden to prove that its failure to pay overtime was in "good faith" and based on "reasonable grounds" that there was no violation of law. 32 D.C. 1012 (a);  See also,  Arias v. U.S. Service Industries, Inc., [get cite] supra., at 511-12 (D.C. Cir. 1996); Thomas v. Howard University Hospital, 39 F.3d 370, 373 (D.C. Cir. 1994).

If the employer cannot show that the acts or omissions giving rise to its violations were in "good faith" and that it had "reasonable grounds" for believing that such acts or omissions were not in conflict with the FLSA, the employee will be entitled to both actual and liquidated damages (equal to actual damages) under the Act.  29  U.S.C. 216(b), 260 (1994); Arias v. U.S. Service Industries, Inc., supra., at id; Thomas v. Howard University Hospital, supra., at id.  The Court does not have any discretion to deny full liquidated damages in the absence of such a showing.  Williams v. Tri-County Growers, 747 F.2d 121 (1984); Mireles v. Frio Foods, Inc., 899 F.2d 1407 (5th Cir. 1990).

Finally, even if the employer makes such a showing, any

reduction in the liquidated damages, in part or in whole, is not mandatory, but purely within the "sound discretion of the trial court"--if, and only if, warranted by the facts of the case.  Id.

As above, the ARC cannot, through its corporate representative, name the exemption or combination of exemptions that it used to justify its "classification" of Ms. Powell. Miller tr. 83-84.

Finally, the unfair and unreasonable way ARC created Ms. Powell's job duties belies any claim of good faith and reasonableness it could attempt to make.

When a co-worker left in Jan. 2005, ARC simply took those job duties and added them to Ms. Powell's already existing duties.  It did not compensate her for these extra duties, although it expected her to do the work.  Nordid it hire hourly workers,as it had for yerars previously.  It did this in part because it was attempting to "save money" and cut down on jobs.

Nor did it re-evaluate her job status after reassigning these additional tasks, though they were extensive.

Ms. Powell then had to perform the non-disretionary duties of two jobs.  Having lost her entitlement to overtime compensation, she worked more hours for the same money.  In effect, Ms. Powell performed the nursing first for one employee then for two employees.

ARC cannot reasonably claim that a classification of an employee effectively working two and then three jobs for over five

months was in "good faith" and "reasonable."

Therefore, liquidated damages are due against ARC in the amount equal to unpaid overtime wages, as set out above.

CONCLUSION

There is no genuine issue of material fact that can deny that Ms. Powell is entitled to recover the overtime compensation due her under Count II of her Amended Complaint. The defendant ARC has failed to meet its burden of proving that Ms. Powell, in her work at ARC, was entitled to be exempted from the D.C. Wage and Hour Act, under the provisions of the FLSA. It has also failed to meet its burden of proving "good faith" and "reasonable grounds." Therefore, Ms. Powell's Motion for Summary Judgment must be granted.

Respectfully submitted,

TONIA POWELL

/s/

_____

Law

Brian C. Plitt, Attorney at

1239 C. St., SE, Ste. 4
Washington, D.C.  20003
(202) 546-5493
Attorney for Plaintiff

February 12, 2007