IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONIA POWELL
    Plaintiff,
    v.

AMERICAN RED CROSS
    Defendant.

Case No. 1:06CV1173
Judge Huvelle

**PLAINTIFF TONIA POWELL'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Plaintiff, Tonia Powell, pursuant to Local Rule 108 (h), submits the following material facts as to which there is no genuine issue.

1. American Red Cross ("ARC") employed Ms. Powell at 2025 E. Street, N.W., Washington, D.C. as a Occupational Health Nurse[1] from November 15, 2004. Answer to Amended Complaint para 6, 7.

2. The ARC is a corporation that employed about "a thousand to 1,200 employees" at its National Center location during Ms. Powell's employment. Corporate Disclosure Statement of American Red Cross; Shearer tr. 88-89 (Exhibit 2).

3. As Health Nurse, Ms. Powell had such duties as stocking medical supplies, replacing health literature on bookshelves, filing and labelling files, typing information given by employees into standard forms on the computer, sending electronic notices to injured workers, maintaining records on the medical status of personnel, keying in the result of physical examinations, and providing first aid when needed. Powell Answer to Interrogartory

---

[1] The position was also called "Wellness Associate."

No. 1 (Exhibit 1).

    5.  After the 1-16-05 departure of Jane Davis, the other Health Nurse in the Unit, ARC assigned Ms. Powell virtually all the duties of Ms. Davis.  Powell Answer to Interrogatory 1 (Exhibit 1).  6.  These duties included the same duties Powell had been performing as Health Nurse.  Powell Answer to Interrogatory 1 (Exhibit 1).

    7.  Before the departure of Jane Davis, ARC had routinely filled in vacant Health Nurse jobs by hiring contractors, whose company was paid on an hourly (not-exempt) basis.  Shearer tr. 19, 22, 25, 40-41, 54.

    8.  In fact, for the six months before Ms. Powell's hiring as a Health Nurse (Wellness Associate) her Wellness Nurse duties had been perfomed by contractors whose company was paid on an hourly basis.  Shearer tr. 19, 22, 25, 54.

    9.  This time instead of hiring hourly contractors, ARC assigned these duties to Ms. Powell.  There were budgetary considerations and and an effort to reduce the number of personnel.  Shearer tr. 57, 59.

    10.  These duties were added to Ms. Powell's existing duties as Health Nurse.  Powell Answer to Interrogatory No. 1 (Exhibit 1).  Shearer tr. 82-83 (Exhibit 2).

    11.  After Ms. Davis left, ARC was aware Powell was performing, and expected Ms. Powell to perform, the Occupational Health Nurse job and also the duties previously assigned to Occupational Health Nurese Davis.  Shearer tr. 82.

    12.  After 1-7-05 until 3-16-05, Ms. Powell was required to

work an average of 15 hours a week overtime (over the standard work week of 40 hours) to finish her tasks. Rainey Answer to Interrogatory No. 24.

13. Ms. Powell's extra duties caused her to work more hours than 40 per week. Shearer tr. 60.

14. ARC did not keep any records of the amount of hours or overtime hours Ms. Powell worked as a ARC employee. Shearer tr. 34; Miller tr. 16 (Exhibit 3).

15. ARC's corporate representative could not estimate how many overtime hours she worked during this period. Shearer tr. 60

16. The supervisor of the Wellness Unit, Ken Thiel, left ARC in March 2005. He was not replaced, again due in part to cost considerations. Shearer tr. 65-66.

17. After he left, Ms. Powell assumed some duties that he had done, but these duties were of a non-discretionary, not-exempt nature. Powell Answer to Interrogatory No. 2 (Exhibit 1). The great majority of her duties remained the not-exempt clerical routine tasks of Wellness Nurse. Powell depo 11-10-06 (Exhibit 5), tr. 127-29, Powell Answer to Interrogatory No. 2 (Exhibit 1).

18. During the spring of 2005, ARC began implement a services review which resulted in closing the Wellness Unit. Shearer tr. 69-70.

19. During her employment, Ms. Powell accomplished the tasks assigned to her, including the tasks assigned of the other Health Nurse and the head of the unit. Shearer tr. 82-82.

20. The Senior Director of her Unit had "no concerns" with the quality of her performance as an employee. Shearer tr. 41.

    21.   Corporate representative Shearer was aware Ms. Powell worked overtime.  Shearer tr. 60, 67.

    22.   ARC, through its corporate representative, has no knowledge of what exemption was relied upon by the ARC to classify Ms. Powell as exempt.  Miller tr. 83-84.

    23.   ARC never kept any records of the hours worked by Powell or overtime hours she worked.  Miller tr. 16 (Exhibit 3).

Respectfully submitted,

TONIA POWELL

/s/

_____

Brian C. Plitt, Attorney at Law
1239 C. St., SE, Ste. 4
Washington, D.C.  20003
(202) 546-5493
Attorney for Plaintiff

February 12, 2007