IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONIA POWELL,<br><br>              *Plaintiff,*<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>              *Defendant.* | Case No. 1:06CV1173 (ESH) |

## AMERICAN RED CROSS'S SUPPLEMENTAL RESPONSE
## TO PLAINTIFF'S INTERROGATORIES

Defendant American Red Cross (the "Red Cross") submits its supplemental response to plaintiff's first set of interrogatories as follows:

**I.  GENERAL OBJECTIONS**

1.  The Red Cross objects to plaintiff's interrogatories' definitions and instructions to the extent that they seek to impose obligations upon the Red Cross that are broader than, or inconsistent with, the applicable rules of Civil Procedure.

2.  The Red Cross objects to plaintiff's interrogatories to the extent that they seek information protected by the attorney-client and attorney work-product privileges.

3.  The Red Cross objects to plaintiff's interrogatories to the extent that they are vague or ambiguous.

**II.  INTERROGATORIES**

Interrogatory No. 5: Describe any policies or regulations of Red Cross relating to the classification of employee's or Ms. Powell's positions or job duties as not-exempt/exempt.

Response:    The Red Cross objects to interrogatory number 5 because it is overly broad, not limited in time, ambiguous, unduly burdensome, and seeks information that is irrelevant to the claims of the lawsuit. Subject to this objection, see the response and responsive documents being produced in response to request for production number 2.

Supplemental Response:    In 2004, the positions of Nurse II, Employee Wellness and Nurse III, Employee Wellness were designated as exempt pursuant to the Fair Labor Standards Act ("FLSA"). Mary Jane Dillworth-Smith in the Compensation Department performed the evaluation of the positions. She considered the job function and the scope and nature of the work involved, including the level of knowledge required to perform the job, the type and amount of problem-solving required, the amount of discretion and latitude to be exercised, the impact of errors on the Red Cross, and the types of internal and external relationships. Ms. Dillworth-Smith also researched the benchmarks relating to the positions and the description of the positions. Finally, Ms. Dillworth-Smith considered Survey Position Description Summaries to determine whether other companies classified the positions as exempt.

Ms. Dillworth-Smith determined that the positions were exempt under the FLSA regulations in place in August 2004. Specifically, the job duties that determined the exempt status included ensuring compliance with federal and state regulations relating to employee health and safety, identifying illness and injury trends and developing processes and procedures to prevent employee illnesses and injuries and decrease organizational risk, and assessing employee health and safety awareness and promoting health programs and training.

The Compensation Department used various sources of information for determining the exempt status of these positions. The Compensation relied on the Department of Labor standards located at http://www.dol.gov/compliance/laws/comp-flsa.htm. Additionally, the

Compensation Department relied on the following: R. Brian Dixon, <u>The Federal Wage and Hour Laws</u>; <u>Mastering Wage and Hour Law for Payroll and Human Resource Professionals</u>, American Management Association; <u>Wage & Hour Compliance</u> Bureau of Business Practice; RSM McGladery, Inc., <u>Mandated Benefits: 2000 Compliance Guide</u>; Ronald Miller, J.D., Lisa Milam-Perez, J.D., <u>HR How-to Wage Hour</u>.

                                                Respectfully submitted,

                                                Constantinos G. Panagopoulos #430932
                                                Ballard Spahr Andrews & Ingersoll, LLP
                                                601 13th Street, N.W., Suite 1000 South
                                                Washington, DC  20005
                                                Tel:   (202) 661-2200
                                                Fax:  (202) 661-2299

December 18, 2006                         *Counsel for Defendant*

I, CAROL J. MILLER, DO HEREBY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE SUPPLEMENTAL ANSWER TO THE FOREGOING SET OF INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF.

_____
CAROL J. MILLER

12/18/06
DATED