```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

|                       |   |                        |
|-----------------------|---|------------------------|
| TONIA POWELL          | * |                        |
|     Plaintiff,        | * |                        |
|                       | * |                        |
|     v.                | * | Case No. 1:06CV1173    |
|                       | * | Judge Huvelle          |
| AMERICAN RED CROSS    | * |                        |
|     Defendant.        | * |                        |
|                       | * |                        |

**PLAINTIFF TONIA POWELL'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY FOR UNPAID OVERTIME**

Ms. Powell, by and through counsel, hereby submits her Reply in support of her Motion for Summary Judgment as to Liability for Unpaid Overtime.

Powell worked as Occupational Health Nurse at the Red Cross during November 15, 2004 - June 30, 2005. Her duties each day included maintaining medical records for personnel (including AFES personnel), keying in the result of medical examinations, and maintaining files and facilities.

Under D.C. Wage and Hour Law, every employee is entitled to overtime pay at time and one half for work over 40 per week. 32 D.C. Code 1003(c).

Under the D.C. Wage Law, the only exceptions to the employer's liability are the so-called "exemptions" of the federal Fair Labor Standards Act ("FLSA"). 32 D.C. Code 1004(a)(1); 29 U.S.C. 213. Powell testified that her duties were non-exempt non-discretionary duties. Powell declaration, Ex. 3 to Powell OPP to SJ, paras. 5-6; Powell tr., Ex. 1 to Powell OPP to SJ, 126:8-128:6; Disputed Issue of Material Fact 14; see generally

Powell OPP to SJ, pp. 12-14.

Given those facts, she was entitled to receive overtime pay for hours worked over 40 per week. Powell testified that she did work substantial overtime but was not paid after January 2005.

She had to work worked such long periods of time because during 2005, two co-workers in her unit resigned and the Red Cross essentially assigned their work to her without finding a replacement for the departed workers or giving Ms. Powell additional pay.

Under the FLSA, the burden is <u>on the employer</u> to carry the burden of proof of showing that an employee should not be paid overtime for their work. <u>Roney v. United States</u>, 790 F.Supp. 23, 29 (D.D.C. 1992).

This can only be if the employer can show that the employee spent over 50% of their work time on work that is exempt in character. This the employer here, the Red Cross, cannot do, certainly not beyond issues of disputed fact--namely Ms. Powell's actual duties in testimony.

The Red Cross cannot meet the requirement of <u>Roney v. U.S.</u>, 79- F.Supp. 23, 26 (D.D.C. 1992) to prove, beyond a issue of fact, that Ms. Powell "fell within a claimed exemption."

Firstly, the Red Cross representatives under Rule 30 b 6 deposition could not identify the claimed exemption.[1]

---

[1] The Red Cross claims that it "produced documents indicating which exemption it used with respect to Ms. Powell's position." Red Cross Opposition to Summary Judgment, p. 3. However this document, Ex. 10,

Finally, the evidence clearly shows that Ms. Powell did not exercise significant "discretion" in her primary duties, certainly that at least a fact issue is raised about whether and how much meaningful "discretion" she really had.

Ms. Powell introduces her own testimony, sufficient to raise an issue of fact, that her work on AFES was not "unitary" or solely medical record review, as Red Cross concludes, but consisted of <u>many</u> essential tasks, mostly non discretionary, clerical tasks, including as she testified:  "briefing and debriefing, <u>which included keeping track of where they are in their physical process, documentation of the medical records, working on the spreadsheet</u>, meeting with the AFES team manager, emails, telephone from
AFES personnel."  Powell tr., Ex. 1 to Ms. Powell's Opposition to Summary Judgment, 126: 14-22. (emphasis added);  See generally Ms. Powell's Opposition to Summary Judgment, 18-20.

Ms. Powell takes pains to point out that the AFES work that took most of her day, included not just medical review or certification:
    A. [Powell] Most of my day was assigned to AFES

---

does not state an exemption under the FLSA only, on p.3, that a "professional" "leveling chart" will be used to evaluate the job.  The term "leveling chart" is unexplained.  And the three other categories on the Exhibit, "technical," "supervisory" and "support" do not correspond to exemptions under the FLSA.

Further, the Defendant's Rule 30 b 6 witness, Miller, improperly attempts to use an errata sheet to "supplement" her deposition testimony, Red Cross Opposition, p. 3, Ex. 12.  It is submitted, a deposition errata sheet is only to correct clerical mistakes, not to attempt to add testimony.

```
    personnel.
         Q.   So it was dealing with the medical and
    certification issues that we were discussing earlier
    with --
         A.   All the responsibilities related to AFES
    personnel...."
Powell Tr., Ex. 1 to Powell OPP to SJ, 126:12-17.
(emphasis added)
```

For the reasons stated in Ms. Powell's Opposition to Summary Judgment, the evidence shows that Ms. Powell's primary job duty did not include to "exercise discretion," as required by both the professional and administrative judgment,[2] but, on the contrary, to collect and input data, prepare a spreadsheet, request and collect medical records, return calls, ask questions to collect data according to predetermined checklists and, as a part of the overall AFES duties to apply pre-determined military requirements to medical data.

The Red Cross fails to prove beyond any factual issue that Ms. Powell's work required more--as is required of them--than what she actually did: clerical duties and "applying well-established techniques, procedures or specific standards described in manuals or other sources." 29 C.F.R. 541.202(e), See Red Cross Opposition to SJ, p. 13.

---

[2]Both the 1999 and 2004 regulations require regular use of discretion in a primary duty. The 2004 regulation explicitly requires the "primary duty includes the exercise of discretion and independent judgment with respect of matters of significance." Therefore, Ms. Powell, whose duty was to keep track of data and to depend upon military guidelines, was not in a discretionary, independent position.

Such work is by definition, non-discretionary work and properly not exempt to payment of overtime.

Such standardized work should be paid overtime. Applying such standards takes certain amounts of time, so that when this sort of standardized work is increased to the point at which overtime is, by the nature of the work, required, then the employee should be paid overtime pay because the amount of work is making overtime work inevitable.

The defendant, contrary to its assertions, never established under the actual testimonial evidence, which of the many AFES tasks took up most of the time and Ms. Powell testified that her duties were routine and non-discretionary. Disputed issues of Material Fact Nos. 13, 16; Powell dec. Ex. 3 to Powell Opp to S.J., paras. 5-6.

Therefore, the employer cannot show that Ms. Powell was not entitled to overtime under the D.C. Law and Ms Powell's evidence is that she was. Therefore, it is respectfully submitted, Ms. Powell is entitled to summary judgment as to liability on that issue, with evidence to be heard as to damages, including on the amount of hours that Ms. Powell actually worked overtime during 2005 at Defendant Red Cross. If Summary Judgment for Ms. Powell is not granted then, clearly, fact issues as to her duties, hours worked and liability for damages remain for trial.

Respectfully submitted,

TONIA POWELL

```
                                        /s/
      _____
                                        Brian  C.  Plitt,  Attorney  at Law
                                        1239 C. St., SE, Ste. 4
                                        Washington, D.C.  20003
                                        (202) 546-5493
                                        Attorney for Plaintiff
March 29, 2007
```